IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LORENZA GERALD FEREBEE, JR, ) | |
| ) | Case No. 7:19-cv-00629 |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| GILLEY, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

This case is set for a jury trial on August 29–31, 2022, beginning at 9:00 a.m., at the United States District Courthouse in Abingdon, Virginia. After prior court rulings, only two of Plaintiff Lorenza Ferebee's claims remain in this. Plaintiff alleges that: (1) on May 25, 2020, Officer Gilley falsely charged him with a disciplinary offense for possession of intoxicants in retaliation for Plaintiff's lawsuits against prison officials; and (2) on May 29, 2020, Counselor Osborne retaliated against Plaintiff for his litigation efforts against prison officials by refusing to notarize legal documents for him and by causing him to be falsely charged with a disciplinary infraction on June 1, 2020, for threatening bodily harm to Osborne. The parties have filed pretrial lists of proposed witnesses and exhibits. Defendants Gilley and H. A. Osborne have filed objections to most of the witnesses on Plaintiff's list. The court held a final pretrial conference on August 23, 2022. After review of the parties' submissions and arguments, the court agrees that the proposed testimony from most of Plaintiff's requested witnesses is not relevant to the pertinent issues in the case.[1]

---

[1] The court will address, by separate Order, other issues raised by the parties in their filings or during the final pretrial conference.

Defendants have no objection to two inmates on Plaintiff's Proposed Witness List (ECF No. 106): Brian Butts and Robert Barnes. Plaintiff alleges that these two inmates have personal knowledge about the incidents that are at issue in the two claims remaining before the court or matters related to those incidents.

Defendants object to all of Plaintiff's other proposed incarcerated inmate witnesses. Plaintiff says three of them (Cabler, Jones, and Ofori) may have some personal knowledge of events on May 25, 2020, but he does not indicate any reason that their testimony would be different than the testimony Butts or Barnes would give. For that reason, Defendants contend that these additional witnesses about the same events would be merely cumulative. At the pretrial conference, however, Plaintiff indicated that these inmates heard the conversations at issue or saw important events in person. Accordingly, the court finds that their testimony would be relevant and, at this stage, cannot determine that their testimony is solely cumulative. Accordingly, Defendants' objection to witnesses Cabler, Jones, and Ofori will be overruled.

Defendants object to Plaintiff's other inmate witnesses because he does not indicate that they have any personal knowledge of the two discrete events of alleged retaliation that remain in this case. Instead, Plaintiff wants these witnesses to testify that they have witnessed events months—or even years—after May and June 2020 that Plaintiff interprets as showing how he is routinely targeted for retaliation by prison officials for filing lawsuits and grievances. But no such generalized retaliation claim is at issue in this case, and alleged retaliation by these defendants or other officers at later times is not proper evidence of Defendants' motives and actions in the claims at issue. *See* Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular

occasion the person acted in accordance with the character."). The court will sustain Defendants' objections to Plaintiff's inmate witnesses, other than Butts, Barnes, Cabler, Jones, and Ofori.

Defendants also object to Plaintiff's proposed list of VDOC staff witnesses. Plaintiff does not state that any of them was present during or involved with the events underlying the remaining retaliation claims. Indeed, many of them hold administrative positions in VDOC's Richmond headquarters. Plaintiff claims these officials would testify about the creation and implementation of various VDOC policies applicable to prisoners and how these policies are to be properly interpreted and enforced. The court cannot find that this general policy information could assist Plaintiff in proving his claims that Gilley and Osborne retaliated against him on two specific occasions. Plaintiff asserts that other staff witnesses he requests have personal knowledge about Plaintiff, later incidents of alleged retaliation against Plaintiff for his litigation efforts, or how disciplinary charges can adversely affect an inmate's security level or transfer request. Again, the court cannot find that testimony on these topics from these witnesses will further Plaintiff's case on the two claims before the court now. The court will sustain Defendants' objections to all of Plaintiff's requested staff witnesses.[2]

---

[2] Plaintiff did identify two staff witnesses that may be relevant: Gilbert and Tilley. But Plaintiff conceded at the final pretrial conference that he did not include those witnesses on his pretrial witness list. Accordingly, because they were not properly noticed and adding them to the witness list at this late did would work an unfair surprise on Defendants, insofar as Plaintiff intends to call those witnesses and Defendants object, that objection will be sustained. *See* Fed. R. Civ. P. 26(a)(3)(A)(i) ("[A] party must provide . . . the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises . . . ."); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Additionally, Defendants' counsel indicated that she would attempt to make Hearing Officer Hensley available as a witness, since he conducted the hearings on the charges at issue in the case. The court thanks counsel for her willingness to make this witness available to Plaintiff.

For the reasons stated, it is **ORDERED** as follows:

1. Defendants' objections (ECF No. 112) to Plaintiff's Proposed Witness List (ECF No. 106) are **OVERRULED** as to VDOC inmates Cabler, Jones, and Ofori, and the court will issue an Order for the following inmate witnesses to be available to testify at the trial on August 29, 2022: Butts, Cabler, Jones, Barnes, and Ofori.

2. Defendants' objections to Plaintiff's Proposed Witness List are **SUSTAINED** as to all other inmates and all VDOC personnel on Plaintiff's list.

The clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 24th day of August, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE