IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LORENZA GERALD FEREBEE, JR, ) | |
| ) | Case No. 7:19-cv-00629 |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| GILLEY, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

    This case is set for a jury trial on August 29–31, 2022, in Abingdon, Virginia, on two of Plaintiff Ferebee's retaliation claims: (1) that on May 25, 2020, Officer Gilley falsely charged him with a disciplinary offense for possession of intoxicants in retaliation for Plaintiff's lawsuits against prison officials; and (2) that on May 29, 2020, Counselor Osborne retaliated against Plaintiff for his litigation efforts against prison officials by refusing to notarize legal documents for him and by causing him to be falsely charged with a disciplinary infraction on June 1, 2020, for threatening bodily harm to Osborne. The court held a final pretrial conference on August 23, 2022. Based on discussions and arguments during that hearing and a thorough review of the parties' prior submissions, the court will sustain Defendants' objections to Plaintiff's Proposed Exhibits with a few exceptions; sustain Defendants' objections to Plaintiff's Requests for Admissions; grant Plaintiff's motion *in limine* regarding any qualified immunity defense; take under advisement Plaintiff's motion seeking expungement of disciplinary charges; and deny Plaintiff's motion regarding previously dismissed claims against other defendants.

Defendants object that Plaintiff's so-called Requests for Admissions were not properly formatted under Rule 36 of the Federal Rules of Civil Procedure. The court agrees that the requests are improperly formatted. Under Rule 36(a)(1), "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters" such as "facts, the application of law to fact, or opinions about either" or "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A) and (B). Plaintiff's discovery items styled "Requests for Admissions" (ECF Nos. 95 and 99) do not state facts or identify documents that Defendants can admit or deny. Rather, Plaintiff's so-called Requests for Admissions are stated in the form of questions, asking for information not included in the requests or for an affirmative or negative response, rather than seeking admission of a fact or authenticity of a document. They are, in other words, additional interrogatories, not proper requests for admissions. For that reason, the court will sustain Defendants' objection and not require them to respond to these requests.

Plaintiff agreed that Defendants have responded to his timely Requests for Production and Interrogatories and provided him with many documents. He has also heard the audio recordings of the disciplinary hearings at issue and will be able to use them as exhibits at trial. Plaintiff argued vaguely that Defendants' objections to some discovery requests were not justified. In written objections (ECF No. 116), he specifically sought production of the following items:

1. Grievances by other inmates who claim past retaliation by officers
2. Plaintiff's medical records, which he claims will show his history of complaining about living conditions
2. The identification number for inmate witness Brian Butts
3. All material and mitigating evidence in Defendants' possession that could be used in their defense against Plaintiff.

    4.   All evidence that may be admissible against Defendants at trial.

The court finds that Plaintiff's objections regarding Defendants' discovery responses must be overruled. As discussed at length during the pretrial conference, the court has already dismissed Plaintiff's claim that VDOC officials at Wallens Ridge have a practice or custom to allow retaliation against him for filing lawsuits and to cover up for such retaliation during disciplinary appeals or grievance procedures. *See Ferebee v. Manis*, No. 7:19CV00629, 2022 WL 897044, at *7–8 (W.D. Va. Mar. 28, 2022). For that reason, any discovery of items or information related to such a claim is simply not relevant to the remaining retaliation claims against Gilley and Osborne. Grievances from other inmates accusing Defendants of retaliatory acts will not inform the jury about what *these* Defendants allegedly did during the two incidents at issue. *See* Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Since the court has already agreed by separate Order to make inmate witness Butts available to testify as part of Plaintiff's case, Plaintiff does not need that inmate's identification number. And Plaintiff's remaining requests for production (No. 3 and 4 above) are vague and overbroad. The court will not require Defendants to provide any additional discovery responses.

    Plaintiff has no objection to Defendants' proposed exhibits. Defendants have objected to all of Plaintiff's proposed exhibits, primarily on the grounds of hearsay and lack of relevance to the claims going to trial. After some discussion at the final pretrial conference, the court found that the following exhibits on Plaintiff's proposed list (ECF No. 107) were arguably relevant to the remaining claims: Exs. 4–6 (documents signed or notarized by Defendant

Osborne); Ex. 10 (Institutional Classification Authority documents showing Plaintiff's status in January and March); and Exs. 41–42 (VDOC policies regarding inmate discipline, OP 861.1 and OP 861.1RH). These documents are conceivably relevant to Plaintiff's retaliation claims— to demonstrate, among other things, his relationship with Osborne before he had filed lawsuits, the adverse impact that the allegedly retaliatory disciplinary charges had on Plaintiff's classification status, and the disciplinary process itself. As to these few items, the court will overrule Defendants' objections.

The majority of the other documents that Plaintiff has listed are not relevant to his retaliation claims which involve the actions of two defendants in two discrete incidents. Copies of court documents, Virginia statutes, VDOC policies on many subjects other than inmate discipline, and documents from other disciplinary proceedings are simply not relevant to the claims to be tried. Plaintiff may call as witnesses the inmates who have personal knowledge of the incidents at issue. But written statements by these or other inmates are hearsay and are not appropriate exhibits for trial. *See* Fed. R. Evid. 802 (noting that "[h]earsay is not admissible," except in limited circumstances not present here). Therefore, the court will sustain Defendants' objections as to all Plaintiff's remaining proposed exhibits.

Plaintiff has also filed a motion *in limine* to prevent Defendants from mounting a qualified immunity defense at trial. The court has already found that Plaintiff's allegations in the Amended Complaint state possible claims that Defendants Gilley and Osborne retaliated against him for filing lawsuits by charging him with disciplinary infractions. It is well established that inmates have a "First Amendment right to be free from retaliation for filing a grievance" or a lawsuit. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017)

(grievances); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978) (lawsuits). Because Defendants have not shown that this right was not clearly established in 2020 when the claims in this case arose, they cannot sustain a qualified immunity defense.[1] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"). To the extent that Plaintiff seeks to exclude any attempted qualified immunity defense, the court will grant Plaintiff's motion *in limine*. The court notes that Defendants have filed an Answer, denying that they retaliated against Plaintiff. Thus, the court's granting of the motion *in limine* regarding qualified immunity does not preclude Defendants from presenting a defense case at trial.

Plaintiff has filed two submissions that the court construes as motions (ECF Nos. 118 and 119), proposing that Defendants have admitted their liability by stating that they did not have evidence on which to move for summary judgment. Based on this interpretation, Plaintiff suggests that the parties should consent to limit the jury trial to determination of appropriate relief. In the alternative, he asks the court to order this limitation.

As discussed during the pretrial conference, these motions apparently arise from Plaintiff's misunderstanding that Defendants' failure to file a summary judgment motion constitutes an admission that Defendants brought disciplinary charges against him solely to retaliate for his lawsuits. On the contrary, by not filing for summary judgment, Defendants were merely recognizing that genuine issues of fact material to the retaliation claims against

---

[1] To her credit, at the final pretrial conference, counsel for Defendants indicated that she did not believe a qualified immunity defense was warranted under the circumstances and that she would not be advancing such a defense at trial.

them remain in dispute and must be decided by the jury in determining whether to find in favor of Plaintiff or Defendants. *See McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (finding that, in the context of summary judgment, the relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). Because the jury must decide both liability and, if Plaintiff prevails, appropriate relief, the court must deny Plaintiff's motions seeking to limit the scope of the jury trial to relief only.

Plaintiff has also filed a pleading titled "Motion To Set Aside And Vacate A Void Judgment." (ECF No. 120.) This motion is based on Plaintiff's mistaken belief that Defendants have admitted to retaliating against him by charging him with unwarranted disciplinary charges. It argues that, since Defendants have admitted liability, the court should vacate the hearing officer's judgments finding him guilty of those charges. In seeking this relief, Plaintiff cites Rules 55(c) and various subsections of Rule 60. Rule 55(c) permits the court to set aside a default judgment issued in a federal civil action, while Rule 60 allows the court (under limited circumstances) to grant relief from a judgment entered in a federal civil action. The court finds no respect in which these rules apply to authorize the court to vacate the prison hearing officer's findings of guilt on Plaintiff's disciplinary charges. Furthermore, the jury has yet to decide whether Defendants brought the challenged disciplinary charges in retaliation for Plaintiff's past lawsuits or because Plaintiff violated a prison regulation as charged. Only if Plaintiff prevails at trial on the retaliation claims would he potentially be entitled to have the retaliatory charges expunged. At this stage of the case, neither party has briefed this type of injunctive relief and its potential availability in this case if Plaintiff were

to prevail. Accordingly, the court will take this motion under advisement for consideration after the trial *if* the jury finds for Plaintiff on one or both claims.

Plaintiff has also filed a pleading titled "Motion For A 'Res-Nova' Judgment Of False & Retaliational [sic] Disciplinary Procedure(s)." (ECF No. 121.) Plaintiff verified at the pretrial conference that this motion asks the court to reinstate his attempted claims that other officials involved in the disciplinary proceedings or appeals should be held liable under § 1983 for covering up the retaliatory actions of Gilley and Osborne in bringing the charges in the first place. As authority for this request, Plaintiff cites 28 U.S.C. §§ 2201, 2202, and Federal Rules of Civil Procedure 57 (regarding declaratory judgment relief) and 50(a) (regarding judgment as a matter of law, to be granted only when the court finds that the evidence presented to the jury does not support the asserted claim). As already discussed, Defendants have not admitted to taking any retaliatory action against Plaintiff. Furthermore, the court has already dismissed Plaintiff's claim that other officials covered up the alleged retaliation by Gilley and Osborne. *See Ferebee,* 2022 WL 897044, at *7–8. After the trial, when the court has entered a final order in the case, Plaintiff may appeal the dismissal of his general retaliation cover up claim against other defendants. But the legal authority he cites here does not support his demand for reinstatement of this claim and declaratory judgment, or judgment as a matter of law, in his favor. The court will deny this motion for the reasons stated in the court's prior opinion. *Id.*

For the reasons stated, it is **ORDERED** as follows:

1. Defendants' objections to Plaintiff's Requests for Admissions are **SUSTAINED**.

2. Plaintiff's objections during the pretrial conference and his written objections (ECF No. 116) to Defendants' responses to Requests for Production and Interrogatories are **OVERRULED**.

3. Defendants' objections to Plaintiff's Proposed Exhibit List are **SUSTAINED** as to all proposed exhibits except the following: Proposed Exhibits 4-6, 10, and 41-42.[2]

4. Plaintiff's Motion in Limine (ECF No. 117) to preclude Defendants from presenting a qualified immunity defense at trial is **GRANTED**.

5. Plaintiff's proposed motions to assume Defendants' liability and limit the jury trial to determination of appropriate relief only (ECF Nos. 118 and 119) are **DENIED**.

6. Plaintiff's motion seeking a court order to vacate his disciplinary infractions in this case (ECF No. 120) is **TAKEN UNDER ADVISEMENT**; if Plaintiff prevails at trial, the court will then determine whether it can be granted.

7. Plaintiff's "Motion For A 'Res-Nova' Judgment Of False & Retaliational [sic] Disciplinary Procedure(s)" (ECF No. 121) is **DENIED**.

The clerk is directed to forward a copy of this Order to the parties. Defendants' counsel has agreed to email a copy of this Order to Red Onion State Prison for immediate delivery to Plaintiff.

**ENTERED** this 25th day of August, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] Defendants' counsel has agreed to investigate further the existence of a separate version of Operating Procedure ("OP") 861.1 that Plaintiff has referred to as OP 861.1RH. Counsel does not foresee having any objection to providing both versions of this policy to Plaintiff or to having him introduce these policies as exhibits at trial, if he decides to do so.