IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LORENZA GERALD FEREBEE, JR, ) | | |
| ) | Case No. 7:19-cv-00629 | |
| Plaintiff, ) | | |
| v. ) | **ORDER** | |
| ) | | |
| GILLEY, *et al.*, ) | By: | Hon. Thomas T. Cullen |
| ) | | United States District Judge |
| Defendants. ) | | |

This matter is before the court on Plaintiff Lorenza Ferebee's motion seeking sanctions against Defendants for allegedly obstructing his litigation efforts. The court cannot find that sanctions are warranted and will deny Plaintiff's motion.

On August 2, 2022, Magistrate Judge Robert S. Ballou conducted a Pretrial Discovery Conference. Under the Pretrial Order, the parties were scheduled to submit lists of proposed witnesses and exhibits by August 8, 2022 (21 days before trial). So that all of Plaintiff's Pretrial Disclosures could be filed with the court before the Pretrial Conference, which was then scheduled for August 17, 2022, Judge Ballou directed that Plaintiff should timely file his proposed exhibit list. But because Judge Ballou was also directing that Defendants should file some discovery responses on August 9, 2022, he ordered that Plaintiff could file a supplemental exhibit list by submitting it to his counselor to be emailed to the court by August 16, 2022, the day before the Pretrial Conference was scheduled. (*See* Order ¶ 4 [ECF No. 104].)

On August 12, 2022, the court docketed Plaintiff's Proposed Trial Exhibits List (ECF No. 107) and his Proposed Witness List (ECF No. 106). Three days later, the court rescheduled the Pretrial Conference for August 23, 2022. During the Pretrial Conference, the court

discussed at length the discovery and the parties' proposed exhibits and witnesses. Plaintiff did not mention any problems he had experienced with discovery or with submitting any part of his Proposed Exhibit List, although the court asked several times if either party had any additional matters for the court to resolve.

On August 25, 2022, the court received and docketed Plaintiff's 24-page Motion for Sanctions. (ECF No. 124.) As the court understands Plaintiff's motion, he claims that Defendants' responses to discovery were delivered to the prison on August 9, 2022, but prison officials did not deliver them to him until August 16, 2022. He also complains that counsel for Defendants has a "[p]olicy [o]r [c]ustom [t]o [o]bstruct" his litigation efforts. (*Id.* at 9.) He faults counsel for listing two hearing officers as possible defense witnesses and failing to file responses to his Requests for Admissions. Finally, Plaintiff complains that his counselor refused to email his Proposed Exhibit List to the court. Plaintiff apparently implies that counsel for Defendants influenced mailroom staff and the counselor to interfere with Plaintiff's litigation. He contends that Defendants should be sanctioned in the amount of $3600 (which includes compensation for Plaintiff's efforts to handwrite and mail his lengthy motions and disclosures).

Federal Rule of Civil Procedure 37(b) provides that a court "may issue . . . just orders," including those that impose the sanctions against a party when that party or its attorney or other agent has failed to obey a court order. Under Rule 37(b)(2)(C), when a party's noncompliance with an order causes the opposing party additional expenses, the court must order the disobedient party to pay reasonable expenses incurred, "unless the failure was

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

But counsel for Defendants has not obstructed Plaintiff's litigation efforts or influenced anyone else to do so. During the Pretrial Conference, counsel agreed to attempt to make Officer Hensley available to testify because he conducted disciplinary proceedings on the charges at issue in this case. Counsel properly objected to Plaintiff's Requests for Admissions as improperly formatted, and the court has sustained those objections. (*See* Order ¶ 1, Aug. 25, 2022 [ECF No. 125].) The alleged delay of Defendants' discovery responses in the prison mailroom did not prevent Plaintiff from submitting his Pretrial Disclosures, and the court has accepted them as timely filed. Judge Ballou's Order directed that Plaintiff could ask his counselor to email any *Supplemental* Exhibit List to the court, merely as a time-saving measure. Plaintiff faults his counselor for refusing to email his *275-page list* of Proposed Trial Exhibits (ECF No. 107). No Order directed her to do so, and her refusal did not impose an undue financial burden on Plaintiff. Judge Ballou's Order contemplated that Plaintiff would prepare and mail his Proposed Exhibits List to the court as usual, and that is what he did. Defendants and their attorney cannot rightfully be expected to compensate Plaintiff at his chosen hourly rate for time he spent preparing a pleading that he was already expected to file. In short, the court finds no evidence of sanctionable conduct at issue in this motion.

- 4 -

For the stated reasons, it is **ORDERED** that the Motion for Sanctions (ECF No. 124) is **DENIED**.

The clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 26th day of August, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE